UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARNEST L. JOHNSON, JR.,

    Plaintiff,

-vs-                            Case No. 16-CV-592

WISCONSIN CORRECTIONAL CENTER,
DR. EUGENE BURKE,
AURORA HEALTH CARE,
DR. JOHN DOE, and,
DR. JEFFREY B. SHOVERS

    Defendants.

## DECISION AND ORDER

Plaintiff, Earnest Johnson, filed an action under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. This matter comes before me on: (1) plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2); (2) plaintiff's motion, and second motion, for appointment of counsel (ECF Nos. 4,11); (3) plaintiff's motion to state a medical malpractice claim (ECF No. 6); (4) plaintiff's motion to change payment from the full filing fee ($350.00) to $304.12 (ECF No. 9); (5) plaintiff's motion to correct the caption and change defendant names (ECF No. 10), and (6) plaintiff's motion for permission to talk to a mediator (ECF No. 12).

### Motions on Payment of the Filing Fee

The Prison Litigation Reform Act ("PLRA") allows inmates to proceed with their lawsuits in federal court without pre-paying the $350 filing fee. 28 U.S.C. § 1915. However, the inmate must comply with certain requirements, one of which is to pay an initial partial filing fee. *Id.*

On May 19, 2016, plaintiff petitioned to proceed without pre-paying the filing fee.

I assessed an initial partial filing fee of $304.13 that was due within 21 days of the order. Plaintiff paid the full filing fee ($350.00) on June 2, 2016. Therefore, I will deny as moot plaintiff's motion to proceed without prepayment of the filing fee. (ECF No. 2)

I will further deny plaintiff's motion to change his payment from the full filing fee ($350.00) to $304.13. (ECF No. 11). I issued the order calculating the initial partial filing fee before plaintiff sent in payment in full, and plaintiff provides no explanation for why he initially paid the amount in full but now seeks return of some of that money. Plaintiff is ultimately required to pay the filing fee in full notwithstanding the option to initiate the action without prepayment of the entire amount. Plaintiff may file a renewed motion to change payment if he can show that payment in full was caused by prison error rather than his own request to send that amount.

## Motions to Appoint Counsel

I have discretion to recruit counsel for litigants unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, litigants must first show me that they have made reasonable attempts to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff must contact at least three attorneys and provide me with: (1) the attorneys' names, (2) the addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorney's responses. To that end, plaintiff must do more than merely assert that he contacted several attorneys.

2

Plaintiff asserts that he contacted several attorneys but he has not provided me with any of the other information I need. Therefore, I will deny his motions to appoint counsel without prejudice. (ECF Nos. 4, 11).

## Motions on Amending the Complaint

Plaintiff seeks to amend the complaint to add medical malpractice claims. (ECF No. 6). He also seeks to change the caption to dismiss Wisconsin Correctional Center and Aurora Health Care from the action and add SGT Janus and Dr. Maria Beg as new defendants. (ECF No. 10).

The Federal Rules of Civil Procedure allow plaintiff to amend the complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A). As a result, plaintiff's motions to add medical malpractice claims (ECF No. 6) and change the defendants (ECF No. 10) are denied as moot. However, plaintiff may file an amended complaint on or before **July 22, 2016**, stating every claim he seeks to proceed with and identifying every defendant he seeks to proceed against. I will then issue one comprehensive screening order for the entire action. If plaintiff chooses not to file an amended complaint, I will screen the original complaint at that time.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057.

### Motion for Mediation

Finally, plaintiff asks to speak with a mediator. Mediation is most successful when both parties believe that resolution through settlement is possible. For that reason, I will deny plaintiff's motion at this time. (ECF No. 12). However, if defendants notify me that they too wish to pursue mediation, I will refer the case to a magistrate judge for mediation at that time.

### ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to change payment from the full filing fee ($350.00) to $304.12 (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (ECF Nos. 4,11) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to state a medical malpractice claim (ECF No. 6) is **DENIED**. Plaintiff may file an amended complaint on or before **July 22, 2016**.

**IT IS FURTHER ORDERED** that plaintiff's motion to correct caption and change defendant names (ECF No. 10) is **DENIED**. Plaintiff may file an amended complaint on or before **July 22, 2016**.

**IT IS FURTHER ORDERED** that plaintiff's motion for permission to talk to a mediator (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge