UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARNEST L. JOHNSON, JR.,

    Plaintiff,

-vs-                                            Case No. 16-CV-592

DR. EUGENE BURKE, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff, Earnest Johnson, filed an action under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. This matter comes before me on: (1) plaintiff's third request to change payment from the full filing fee ($350.00) to $304.12 (ECF No. 24), (2) plaintiff's "response" to the screening order issued August 10, 2016 (ECF No. 25); (3) plaintiff's fourth motion to appoint counsel (ECF No. 26); and (4) plaintiff's motion to amend/correct the addresses of Dr. Maria Beg and Dr. Jeffrey Shovers (ECF No. 27).

### Motion on Payment of the Filing Fee

The Prison Litigation Reform Act ("PLRA") allows inmates to proceed with their lawsuits in federal court without pre-paying the $350 filing fee. 28 U.S.C. § 1915. However, this right is only available to a petitioner that is "unable to pay such fees or give security therefor." § 1915(a)(1). Plaintiff was able to pay the full filing fee at the time the lawsuit was filed, and he in fact paid the amount. Therefore, his third request to change payment $350.00 to $304.14 is denied.

Plaintiff is advised that it is within my inherent power as a federal court to sanction vexatious litigants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540–54 (1991).

This rule holds true for vexatious lawyers as well as vexatious inmates. *See Smith v. Gleason*, No. 12-CV-633, 2013 WL 6238488, at *8 (W.D. Wis. Nov. 27, 2013). I am obligated to allocate the court's resources so as to assure that "the interests of justice are served and the courthouse doors remain open to all, not simply to the relentless." *Id.* (citing *In re McDonald*, 489 U.S. 180, 184 (1989); then citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (en banc) (per curiam); then citing *Ruderer v. Fines*, 614 F.2d 1128, 1130–32 (7th Cir. 1980); and then citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). Therefore, plaintiff is now warned that he risks sanctions, including monetary penalties, if he continues to abuse scarce judicial resources with repetitive filings. *See United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (approving the use of sanctions, after adequate warning, against "a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious appeals and motions").

## **Plaintiff's Response to the Screening Order**

The plaintiff also filed a letter explaining that several facts in the screening order issued August 10, 2016 are either incomplete or inaccurate. ECF No. 25. I understand plaintiff's desire to get every detail correct, but corrections of this nature are unnecessary at this point in the litigation. I have already allowed plaintiff to proceed against each defendant who was personally involved in the constitutional deprivation. Should defendants file an answer to the amended complaint, the parties can use discovery to flesh out the details of that claim.

## **Motion to Appoint Counsel**

I have discretion to recruit counsel for litigants unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). However, litigants must first show that they have made reasonable attempts to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff must contact at least three attorneys and provide me with (1) the attorneys' names, (2) their addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorneys' responses. To that end, plaintiff must do more than merely assert that he contacted several attorneys.

Once the litigant makes that attempt, I then decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). I look not only at the plaintiff's ability to try his case but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff asserts that he "is able to pay for a lawyer" and that he has "over $6,000 in my work account." ECF No. 26, ¶¶ 1, 3. He attaches his trust fund activity sheet to show that he has over $6,000 in his account. ECF No. 26-1. I only have discretion to appoint counsel for those individuals "unable" to afford one. *Navejar*, 718 F.3d at 696. Therefore, I must deny his motion to appoint counsel without prejudice.

Further, as discussed in my prior decision and order (ECF No. 17), all plaintiff must do at this point in the litigation is wait for an answer from the defendants. If and

3

when defendants file an answer, I will issue a scheduling order with further instructions on how to proceed with the case. Plaintiff will be able to ask the defendants to answer his interrogatories regarding the alleged events, Fed. R. Civ. P. 33, and he will be able to conduct discovery regarding any reports or records that resulted from the alleged events, Fed. R. Civ. P. 34. He also will be able to present the court with his version of events, through an affidavit or unsworn declaration under 28 U.S.C. § 1746, in response to any motion for summary judgment that the defendants might file. I have no evidence before me right now to indicate that plaintiff cannot handle these tasks on his own.

**Motion to Correct Addresses of Dr. Maria Beg and Dr. Jeffrey Shovers**

Plaintiff seeks to amend or correct the addresses of Dr. Maria Beg and Dr. Jeffrey Shovers. The U.S. Marshal is currently in the process of serving all defendants. ECF No. 23. Once these individuals are served, their attorneys will file an appearance with the court and can update their addresses to the ones they want on file. Consequently, I will deny this motion as unnecessary.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's request to change payment from the full filing fee ($350.00) to $304.12 (ECF No. 24) is **DENIED**. Plaintiff is **WARNED** that he could face sanctions, including monetary penalties, if he continues to abuse scarce judicial resources with repetitive filings.

**IT IS FURTHER ORDERED** that plaintiff's fourth motion for appointment of counsel (ECF No. 26) is **DENIED** without prejudice.

4

**IT IS FURTHER ORDERED** that plaintiff's motion to correct/amend the addresses of Dr. Maria Beg and Dr. Jeffrey Shovers (ECF No. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2016.

s/Lynn Adelman

LYNN ADELMAN
District Judge
