# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EARNEST L. JOHNSON, JR.,**
      Plaintiff,

v.                                                                       Case No. 16-CV-592

**EUGENE BURKE, JEFFREY B. SHOVERS,
TANYA CHIAPUSIO, and MARIA BEG,**
      Defendants.

---

## DECISION AND ORDER

Earnest Johnson, a Wisconsin state prisoner representing himself, brings this action under 42 U.S.C. § 1983. On August 10, 2016, I screened his amended complaint and allowed him to proceed on claims that Eugene Burke, Jeffrey Shovers, Tanya Chiapusio, and Maria Beg violated his Eighth Amendment rights by denying him proper medical care. Before me now are motions to dismiss from three defendants.

### I. Subject-Matter Jurisdiction

Beg and Shovers move to dismiss Johnson's claims against them, asserting lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction. Original jurisdiction in a federal court can be premised on a federal question or on diversity of citizenship among the parties. 28 U.S.C. §§ 1331–32. Federal-question jurisdiction exists in cases "arising under the Constitution, laws, or treaties of the United States." § 1331. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. § 1332(a)(1). Federal courts also may exercise supplemental jurisdiction over state-law claims "that share 'a common nucleus of operative facts' with a federal claim properly

1

brought before the court." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)); 28 U.S.C. § 1367.

Johnson's claims against Beg and Shovers stem from medical treatment that he received before he was first incarcerated. He concedes that these claims are for medical malpractice, a state-law cause of action, and that neither Beg nor Shovers is or was a state official. Johnson has no federal claim against Beg or Shovers under § 1983 because neither was "acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Further, the facts giving rise to these claims occurred years before and are wholly distinct from those giving rise to any claims that Johnson may have based on the medical treatment that he received while incarcerated. Thus, these claims do not fall within the scope of federal-question or supplemental jurisdiction. Johnson does not assert that they fall within the scope of diversity jurisdiction, and there is nothing in the record that suggests that they do. Therefore, I cannot exercise jurisdiction over these claims, and I must dismiss Beg and Shovers from this action. I will grant their motions to dismiss.

## II. Failure to State a Claim

Chiapusio moves to dismiss Johnson's claims against her, asserting failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a cognizable claim, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

To state a cognizable § 1983 claim, "a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore*, 570 F.3d at 827 (citing *Kramer*, 384 F.3d at 861). Liability under § 1983 depends on an official's personal responsibility for the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Liability may exist where an official directly causes a constitutional deprivation; "'the conduct causing the constitutional deprivation occurs at [the official's] direction or with [the official's] knowledge and consent,'" *id.* (quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)); or the official "'know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye [to it],'" *id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Chiapusio argues that Johnson's claims against her are based on her alleged failure to provide him with his blood thinner medication. However, according to Chiapusio, Johnson admits in his amended complaint that she provided him with his medication but that he refused to take it. She also notes that, as a nurse, she is not legally permitted to prescribe or refill medications, so any claims against her for failure to provide a medication are meritless.

I read Johnson's amended complaint differently. He alleges that Chiapusio falsely reported that he was refusing to take his medication, which led to him being transferred to a different institution; falsely blamed his leg pain on the fact that he was

3

not taking his medication, even though he was; and then interfered with him getting his medication, which exacerbated his ongoing medical issue with blood clots and left him in pain. He alleges that he had to go to the emergency room due in part to Chiapusio's conduct. He also alleges that Chiapusio was involved with improper care for "internal bleeding" and gave him an ill-fitting knee brace that was designed for someone else. Johnson's amended complaint is somewhat confusing, but I must construe it liberally at this stage. His allegations, taken as true, are sufficient to state a plausible claim that Chiapusio was directly involved with his medical care while he was incarcerated and acted with deliberate indifference toward his serious medical needs in violation of the Eighth Amendment. Thus, I will deny Chiapusio's motion to dismiss.

### III. Conclusion

**THEREFORE, IT IS ORDERED** that Beg's motion to dismiss (Docket No. 37) and Shovers's motion to dismiss (Docket No. 50) are **GRANTED**. Beg and Shovers are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Chiapusio's motion to dismiss (Docket No. 45) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge